## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ETHEL KEMP
1637 V Street, N.W.
Washington, D.C. 20009,

       *Plaintiff*,

    v.

DERRICK EILAND
5638 Malvern Way
Capitol Heights, MD 20743

DENISE COWLEY
15511 Kennett Square Way
Brandywine, MD 20613

WORLD SAVINGS BANK
420 Montgomery St.
San Francisco, CA 94104

WACHOVIA CORPORATION
420 Montgomery St.
San Francisco, CA 94014

WELLS FARGO & COMPANY
420 Montgomery St.
San Francisco, CA 94104,

       *Defendants*.

Civil Action No. _____
Removed from D.C. Superior Court
(Case No. 2014 CA 0004045 R(RP))

## NOTICE OF REMOVAL

      Wells Fargo Bank, N.A. ("Wells Fargo"), on behalf of named Defendants World Savings

Bank ("WSB"), Wachovia Corporation ("Wachovia"), and Wells Fargo & Company ("WFC"),

by counsel and pursuant to 28 U.S.C. §§ 1441 and 1446(a), hereby notices the removal of this

civil action styled *Ethel Kemp. v. Derrick Eiland, et al.,* (D.C. Sup. Ct. Case No. 2014 CA

0004045 (RP)) from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.  In support of the Notice of Removal, Wells Fargo states as follows:

PROCEDURAL BACKGROUND

1.   On or about June 30, 2014, Plaintiff Ethel Kemp ("Kemp" or "Plaintiff") filed a complaint in the Superior Court for the District of Columbia captioned *Ethel Kemp v. Derrick Eiland,* et al., Case No. 2014-0004045 (RP) ("Complaint").

2.   Plaintiff named Derrick Eiland ("Eiland"), Denise Cowley ("Cowley"), WSB, Wachovia, and WFC as defendants in the Complaint.

3.   In the Complaint, Kemp alleges that she purchased her home, with her husband (now deceased), at 1637 V Street, NW, Washington DC 20009 ("Subject Property") in 1979. *See* Compl. ¶ 17.

4.   Kemp further alleges that Defendants Eiland and Cowley created a Declaration of Trust and Land Agreement ("Trust"); a Warranty Deed ("2001 Deed") transferring title to the Subject Property into the Trust; and a Deed ("2007 Deed") reflecting the transfer title from the Trust to Eiland as the sole owner. *See* Compl. ¶¶ 24, 38, 41.

5.   Kemp also alleges that Eiland obtained a $300,000 mortgage on the Subject Property from WSB on or about November 19, 2007, secured by the Subject Property pursuant to a Deed of Trust ("Eiland Deed of Trust"). *See* Compl. ¶ 49. Kemp alleges that Eiland used the 2007 Deed to strip Kemp of her equity in the Subject Property for his own benefit or for the benefit of himself and Cowley. *See* Compl. ¶¶ 49, 50.

6.   Moreover, Kemp alleges that the beneficiary of the Eiland Deed of Trust is Wells Fargo. *See* Compl. ¶ 50. Kemp also alleges that Wells Fargo had actual notice, or, in the

alternative, inquiry notice, that Eiland had no legal interest in the Subject Property. *See* Compl. ¶ 63.

7.   Based on these allegations, Kemp purports to state causes of action against all defendants for Quiet Title, Injunctive Relief, and Slander of Title; and against Defendant Eiland for Breach of Fiduciary Duty, Breach of the Duty of Loyalty, Self-Dealing, and Unjust Enrichment. *See generally* Compl.

8.   Kemp seeks declaratory relief; injunctive relief; and compensatory damages, punitive damages, attorney's fees, and costs. Notably, however, Kemp does not quantify or in any way identify the amount in controversy in the Complaint.

9.   Cowley and Eiland were served with the Complaint and corresponding summons on August 22, 2014.

10. Wells Fargo accepted service on behalf of WSB, Wachovia, and WFC on August 27, 2014.

<u>PARTIES</u>

11. Plaintiff Ethel Kemp alleges that she is domiciled in Washington, D.C.  *See* Compl. ¶ 8.

12. According to the Complaint, Defendants Derrick Eiland and Denise Cowley are both domiciled in Maryland. *See* Compl. ¶¶ 9, 10.

13. Kemp alleges that WSB was a federally chartered savings bank.  *See* Compl. ¶ 11. Kemp alleges that Wachovia acquired WSB in or around October 2006.  *See* Compl. ¶ 12.  Kemp alleges that WFC acquired Wachovia in or around 2008, which included WSB.  See Compl. ¶ 14

14. Indeed, WSB's parent merged with Wachovia, and subsequently changed its name to Wachovia Mortgage, FSB.

15. Wachovia and WFC merged in December 2008.  At that time, Wachovia Mortgage, FSB (successor to WSB) became a subsidiary entity to WFC.  Wachovia ceased to be an active business entity at or around that time. In November 2009, Wachovia Mortgage, FSB, merged into Wells Fargo Bank, N.A.  Wells Fargo is the successor-in-interest to the WSB loan at issue in this lawsuit.

<u>GROUNDS FOR REMOVAL</u>

16. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

17. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  Specifically, this civil action is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

18. For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state where it has its principle place of business.  *See* 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005).  WSB and Wachovia are no longer active business entities.  WFC is incorporated in Delaware and has a principal place of business in South Dakota.  Thus, for purposes of diversity of citizenship under 28 U.S.C. § 1332, WFC is a citizen of Delaware and South Dakota.

19. For diversity jurisdiction purposes, a national banking association is a citizen of the state in which its main office, as listed in its organization certificate, is located.  *See Wachovia Bank, National Association v. Schmidt*, 546 U.S. 303, 126 S. Ct. 941 (2006).  In this case, Wells

Fargo is a national banking association whose main office is located in South Dakota.  Wells Fargo is therefore a citizen of South Dakota.

20. Defendants Eiland and Cowley are residents of Maryland, *see* Comp ¶¶ 9, 10, and are therefore citizens of Maryland under 28 U.S.C. § 1332.

21. Kemp is a resident of Washington, D.C., *see* Compl. ¶ 8, and is therefore a citizen of the District of Columbia under 28 U.S.C. § 1332.

22. In short, Plaintiff Kemp is a citizen of the District of Columbia and all of the Defendants are not citizens of the District of Columbia. Accordingly, there is complete diversity between the parties in this case.

23. If a complaint fails to specify the amount in controversy, a court may independently determine whether that amount meets jurisdictional requirements.  *See Busby v. Capital One., N.A.*, 2013 U.S. Dist. LEXIS 41163, *33 (D.D.C. 2013) (*citing Wilson v. U.S. Dep't of Transp.*, 759 F. Supp. 2d 55, 64 (D.D.C. 2011)).  As a general matter, the amount in controversy in declaratory relief or injunction cases is measured by the value of the object of the litigation.  *See id.* (*citing Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  In assessing whether a complaint meets the jurisdictional threshold, courts look to the value of the right the plaintiff seeks to enforce or the cost to the defendants to remedy the alleged denial of that right. *See id.* (*citing Smith v. Washington*, 593 F.2d 1097, 1099 (D.C. Cir. 1978)).

24. Kemp does not specify the amount in controversy in her Complaint.  *See generally*, Compl.

25. Even so, the amount in controversy in this case exceeds $75,000, exclusive of costs and interest, based on the three forms of relief Kemp seeks.

26. First, the amount in controversy in Counts I, II, and III is measured by the value of the object of those counts, which is the Subject Property.  The Bank Defendants recently commissioned a broker price opinion ("BPO") for the Subject Property. The BPO concludes that the value of the Subject Property is $627,000.  Moreover, the tax assessment value of the Subject Property is approximately $523,590 for tax year 2014.  A copy of the online tax assessment value is attached as **Exhibit 1**.  The amount in controversy requirement is satisfied here because (1) the value of the Subject Property is $627,000 according to the BPO; and (2) the tax assessment value of the Subject Property is $523,590 for tax year 2014.  Both of these price points far exceed the $75,000 jurisdictional minimum.

27. Second, the amount in controversy in Counts I and V is also measured by the value of the Bank Defendants' lien on the Subject Property. In the Complaint, Kemp alleges that Eiland encumbered the Subject Property with a $300,000 mortgage, secured by the Subject Property pursuant to a Deed of Trust. *See* Compl. ¶¶ 49, 66. The amount in controversy requirement is satisfied here because the value of the lien on the Subject Property exceeds $75,000.

28. Finally, Count IV is a claim for unjust enrichment. In the Complaint, Kemp alleges that Eiland has received payments from her totaling at least $135,000 since 2001. *See* Compl. ¶ 56. The amount in controversy requirement is satisfied here because the value of the right Kemp seeks to enforce is greater than $75,000.

29. For these reasons, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

<u>VENUE</u>

30.  Venue lies in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1441(a).  Specifically, venue is proper because a substantial part of the events or omissions giving rise to Kemp's claim

occurred in Washington, D.C, and because the property upon which the claim is based is located in Washington, D.C.  *See* 28 U.S.C. § 1391(b).  Moreover, venue is proper because Plaintiff's action is pending in a "state" court located in this district and division. *See* 28 U.S.C. § 1441(a).

<u>REMOVAL PROCEDURES</u>

31. Wells Fargo, on behalf of WSB, Wachovia, and WFC, served with process on August 27.  This removal is timely because it was filed within 30 days after service of the summons and complaint by the last-served defendant, which will be WSB once it is served. *See* 28 USC §§ 1441; 1446(b); Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, 112th Cong. (2011) (codifying the "last-served defendant" rule).

32. Counsel for Wells Fargo contacted counsel for Defendants Eiland and Cowley on September 15, 2014, and those individual defendants consent to this removal.

33. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Wells Fargo are attached hereto as **Exhibit 2**.

34. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk for the Superior Court of the District of Columbia and served upon all parties of record promptly after filing of this Notice of Removal.

<u>CONCLUSION</u>

For the foregoing reasons, Wells Fargo respectfully request that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction over this action, that this Court grant Wells Fargo its attorneys' fees and costs expended in defending this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: September 16, 2014

Respectfully submitted,

**WELLS FARGO, N.A.**
**On Behalf of WSB, Wachovia, and WFC**

*By Counsel*

_____/s/*Anand V. Ramana*_____
Anand V. Ramana (DC Bar No. 489478)
McGUIREWOODS LLP
2001 K Street, NW, Suite 400
Washington, DC  20006
Tel:  (202) 857-1734
Fax:  (202) 828-2973
E-mail: aramana@mcguirewoods.com
*Counsel for Wells Fargo, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of September, 2014, a copy of the foregoing Notice of Removal was served electronically by the Court's electronic court filing (ECF) system, by U.S. Mail, and by electronic mail on the following persons:

> Amy R. Mix
> Erik Goodman
> 601 E Street, NW
> Washington, DC 20049
> Tel: 202.434.2171
> Fax: 202.434.6464
> amix@aarp.org
> egoodman@aarp.org
> *Counsel for Plaintiff*


> _/s/Anand V. Ramana_____
> Anand V. Ramana (DC Bar No. 489478)
> McGUIREWOODS LLP
> 2001 K Street, NW, Suite 400
> Washington, DC  20006
> Tel:  (202) 857-1734
> Fax:  (202) 828-2973
> E-mail: aramana@mcguirewoods.com
> *Counsel for Wells Fargo, N.A.*